UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| ROSEANNE SHIVES, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. 2:14-CV-29 NAB |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) |  |
| Defendant. | ) ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Roseanne Shives' ("Shives") appeal regarding the denial of disability insurance benefits and supplemental security income under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] The Court heard oral argument in this matter on March 10, 2015. Due to argument by Plaintiff, which had not been briefed before oral argument, the Court allowed Defendant to file a supplementary brief.[1] [Doc. 33.] On March 17, 2015, Defendant filed the supplementary brief. [Doc. 34.] The Court has now reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. Based on the following, the Court will reverse and remand the Commissioner's decision.

---

[1] Plaintiff's new arguments addressed the administrative law judge's (ALJ) consideration of Plaintiff's activities of daily living and the ALJ's failure to mention the consultative examination of licensed psychologist Mark W. Schmitz in the hearing decision.

**I.      Issues**

Shives presents three issues for review. First, Shives contends that the ALJ failed to properly assesses her activities of daily living when evaluating her credibility. Second, Shives asserts that the administrative law judge's ("ALJ") decision failed to address the consultative examination of licensed psychologist Mark W. Schmitz; therefore the case should be remanded. Third, Shives contends that the ALJ erred in determining that she could return to her past relevant work as a convenience store clerk. The Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

**II.     Standard of Review**

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## III. Discussion

In this case, the ALJ determined that Shives had the severe impairments of hypertension with chest pain, fibromyalgia, and bipolar disorder. (Tr. 27.) The ALJ found that Shives had the RFC to perform light work, as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), except that she can only occasionally climb, balance, stoop, kneel, and crouch. (Tr. 29.) He also found that she could not crawl or have exposure to hazards. (Tr. 29.) The ALJ determined that she could only perform simple routine work with superficial interaction with others. (Tr. 29.) Finally, the ALJ determined that Shives could perform her past relevant work as a convenience store clerk, listed in the DOT as Cashier II, because it did not require the performance of any work related activities precluded by the RFC. (Tr. 36.)

### A. Credibility Determination

First, Shives asserts that the ALJ failed to consider some of her subjective complaints about her activities of daily living. In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

3

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

*Polaski v. Heckler*, 725 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.* "Although an ALJ may not discredit a claimant's subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006).

In his opinion, the ALJ found that Shives' allegations were not wholly credible. (Tr. 35.) He found that she engaged in many normal activities of daily living. (Tr. 28, 35.) The ALJ noted that in June 2010, Shives had inconsistent symptoms when separately visiting her doctor and the emergency room. (Tr. 35.) He also noted that she did not seek mental health counseling or specialized psychiatric treatment until two years after her alleged onset date of disability, only a couple of months before her disability hearing. (Tr. 35.) Finally, the ALJ also considered that Shives testified that she did not leave work due to her back, her back was the same as it was when she was working, and her heart condition only sometimes affected her ability to perform her work related duties. (Tr. 35.)

Based on the Court's review of the evidence in the record as a whole, the Court finds that the ALJ properly evaluated Shives' credibility. Shives contends that the ALJ did not mention that she avoided others and experienced panic attacks, crying spells, and obsessive cleaning behaviors. "Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted. Moreover, an ALJ's failure to cite to specific

evidence does not indicate that such evidence was not considered." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (citing *Black v. Apfel*, 143 F.3d 383, 385 (8th Cir. 1998)). With the exception noted in the section below, the ALJ cited to Shives' testimony and the medical records describing her mental health limitations caused by her bipolar disorder. The ALJ also specifically noted that he was including mental limitations in the RFC based on her most recent treatment notes, including limiting her to superficial interaction with others. (Tr. 33). Therefore, it is unlikely that the ALJ did not consider these allegations from her testimony when assessing her credibility. *See Wildman*, 596 F.3d at 966 (given ALJ's specific references to findings set forth in doctor's notes, highly unlikely that ALJ did not consider and reject doctor's findings claimant was markedly limited). Therefore, the Court finds that the ALJ properly considered Shives' credibility.

### B. Consultative Examination by Mark Schmitz

Next, Shives asserts that the ALJ's failure to mention the consultative examination conducted by licensed psychologist Mark W. Schmitz requires remand. Schmitz conducted a psychological examination of Shives on March 27, 2012 to determine her eligibility for Medicaid. (Tr. 587-591.) Schmitz opined that Shives suffers from major depressive disorder with psychotic features in the form of visual, auditory, and tactile hallucinations. (Tr. 590.) He also opined that Shives appeared to have anxiety related diagnoses of panic disorder with agoraphobia, as well as obsessive compulsive disorder. (Tr. 590.) Further, he opined that her current global assessment functioning[2] score was 35. (Tr. 591.) A score of 35 indicates some impairment in reality testing or communication or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood. DSM-IV-TR at 34. Finally, he

---

[2] Global Assessment Functioning score is a "clinician's judgment of the individual's overall level of functioning. Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. Text Rev. 2000) ("DSM-IV-TR").

opined that Shives has a "mental disability which effectively prevents her from engaging in employment or gainful activity. Her depression and anxiety are such that she would likely encounter significant difficulties keeping a job. Additionally, her mental disability is likely to endure for at least the next 13 months or more." (Tr. 590.) The Commissioner contends that the ALJ's failure to discuss Schmitz's report does not require remand because his determination that she is not disabled is not a medical opinion and if the remainder is construed as a medical opinion, the opinion should be rejected as it is largely a recitation of Shives' subjective complaints.

"Administrative law judges are not bound by any findings made by State agency medical or psychological consultants or other program physicians or psychologists." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). "State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). "Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence," except for the determination of disability. 20 C.F.R. §§ 404.1512(b)(8), 404.1527(e)(2)(i), 416.912(b)(8), 416.927(e)(2)(i).[3] Their opinions are evaluated under the standards outlined in 20 C.F.R. §§ 404.1527(c), 416.927(c). When assessing an RFC, the ALJ must consider every medical opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c). If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7 (July 2, 1996).

---

[3] The Court notes that the regulations at 20 C.F.R. §§ 404.1512, 416.912 were amended on March 20, 2015 with an effective date of April 20, 2015. Submission of Evidence in Disability Claims, 80 Fed. Reg. 14828-01 (March 20, 2015) (to be codified at 20 C.F.R. §§ 404.1512, 416.912).

In this case, the ALJ did not mention Schmitz's opinion or refer to its contents in his summary of the medical evidence, even though it is included in the list of exhibits attached to the decision. The Court agrees that the ultimate conclusion whether Shives is disabled is an issue reserved to the Commissioner. §§ 404.1527(d)(1), 416.927(d)(1). The ALJ's complete failure to address the other findings in this examination, however, will require remand. This case is distinguishable from both *Black* and *Wildman*. In those cases, the Eighth Circuit did not remand due to an ALJ's failure to discuss a physician's opinion, because the ALJ in those cases made specific reference to findings stated in the medical record. Therefore, the Eighth Circuit determined that it was unlikely that the ALJ failed to consider and reject the undiscussed opinion. In this case, there is no indication that the ALJ considered and rejected Schmitz's consultative examination findings. Because the ALJ found that Shives had limited mental health treatment, it is unlikely he would have failed to mention this consultative examination, if he had considered it. *See Bryant v. Colvin*, No. 4:11-CV-914 JLH, 2013 WL 3580641 at *3 (E.D. Ark. July 11, 2013) (unlikely that ALJ would have failed to mention consultative examination on central issue in the case if he had considered it). Further, the Court will not invade the province of the ALJ and consider Schmitz's opinion evidence in the first instance here. Therefore, the Court will reverse and remand for a new RFC determination of Shives' mental impairments only.

Finally, because the Court is remanding this action for a new RFC determination of Shives mental impairments, the Court will not address the issue of whether the ALJ properly found she could return to her past relevant work.

## IV. Conclusion

Based a review of the evidence in the record as a whole, the Court finds that the Commissioner's final decision was not supported by substantial evidence. The Commissioner's

decision will be reversed and remanded for a new RFC determination regarding Shives' mental impairments only. Further, the ALJ shall evaluate all of the medical opinion evidence, including the consultative examination of Mark Schmitz, in accordance with 20 C.F.R. §§ 404.1527(c), 416.927(c). The Court is aware that upon remand, the ALJ's decision as to non-disability may not change after addressing the deficiencies noted herein, but the determination is one the Commissioner must make in the first instance. *See Buckner v. Apfel*, 213, F.3d 1006, 1011 (8th Cir. 2000) (when a claimant appeals from the Commissioner's denial of benefits and the denial is improper, out of an abundant deference to the ALJ, the Court remands the case for further administrative proceedings); *Leeper v. Colvin*, No. 4:13-CV-367 ACL, 2014 WL 4713280 (E.D. Mo. Sept. 22, 2014) (ALJ duty to make disability determination).

Accordingly,

**IT IS HEREBY ORDERED** that the relief which Shives seeks in her Complaint and Brief in Support of Plaintiff's Complaint is **GRANTED in part and DENIED in part**. [Docs. 1, 25.]

**IT IS FURTHER ORDERED** that the Commissioner's decision of September 13, 2012 is **REVERSED** and **REMANDED**.

**IT IS FURTHER ORDERED** that upon remand the ALJ must formulate a new residual functional capacity assessment for Plaintiff's mental impairments only and evaluate all of the medical opinion evidence in the record, including the consultative examination of Mark Schmitz.

A separate judgment will accompany this Memorandum and Order.

Dated this 24th day of March, 2015.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE