UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROSEANNE SHIVES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:14-CV-29 NAB |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Application for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [Doc. 37.] Plaintiff requests attorney's fees in the amount of $6,090.48, for 32.3 hours of attorney work, at the rates of $188.60 per hour for work performed in 2014 and $188.50 per hour for work performed in 2015. Defendant Carolyn Colvin, Acting Commissioner of Social Security, objects to Plaintiff's request for attorney's fees to the extent Plaintiff seeks compensation from the United States for 15.5 hours her counsel spent in connection with her October 20, 2014 brief. [Doc. 39.] Plaintiff did not file a Reply Brief. Based on the following, the Court will award Plaintiff attorney's fees in the amount of $4,628.86.

**I.    Factual and Procedural Background**

Plaintiff Roseanne Shives filed this action, pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income under the Social Security Act. [Doc. 1.] On March 24, 2015, the Court issued a Memorandum and Order and Judgment in favor of Plaintiff pursuant

to sentence four of 42 U.S.C. § 405(g). [Docs. 35, 36.] Plaintiff filed an Application for Award of Attorneys' Fees Pursuant to the EAJA on June 17, 2015. [Doc. 37.] Defendant filed an objection to Plaintiff's Application on June 26, 2015. [Doc. 39.]

## II. Standard of Review

"A court shall award to a prevailing party. . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

A party seeking an award of fees and other expenses must (1) submit to the court an application for fees and other expenses which shows that the party is a prevailing party and eligible to receive an award; (2) provide the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; (3) allege that the position of the United States was not substantially justified, and (4) make the application within thirty days of final judgment of the action. 28 U.S.C. § 2412(d)(1)(B). The determination of whether the position of the United States was substantially justified shall be determined on the basis of the record made in the action for which the fees are sought. *Id.* "In sentence four [remand] cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the Court and the appeal period has run so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G) ("Final judgment" means a judgment that is final and not appealable.")).

"It is well-settled that in order to be a prevailing party for EAJA purposes, plaintiff must have received some, but not necessarily all, of the benefits originally sought in his action." *Stanfield v. Apfel*, 985 F.Supp. 927, 929 (E.D. Mo. 1997) (*citing Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir.1986)). Obtaining a sentence four judgment reversing the Secretary's denial of benefits is sufficient to confer prevailing party status. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

### III. Discussion

No award of fees is automatic. *Commissioner v. Jean*, 496 U.S. 154, 163 (1990). The district court has discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Eligibility for fees is established upon meeting the four conditions set out by the [EAJA], but a district court will always retain substantial discretion in fixing the amount of an EAJA award." *Jean*, 496 U.S. at 163.

In this action, the Court finds that Plaintiff has demonstrated that an award of attorney's fees under the EAJA is appropriate in this matter. First, Plaintiff is a prevailing party in this action, because she has obtained a reversal of the Commissioner's denial of her application for benefits. [Doc. 36.] Second, as alleged by Plaintiff, the Court finds that the Defendant's position was not substantially justified. Third, Plaintiff's application for fees was timely filed. Because the Court has concluded that Plaintiff is the prevailing party and that the government's position is not substantially justified, the Court must determine whether the amount requested by plaintiff's attorney is reasonable. *Jean*, 496 U.S. at 161.

"Any given civil action can have numerous phases. While the parties' postures on individual matters may be more or less justified, the EAJA- like other fee shifting statutes- favors treating a case as an inclusive whole, rather than as atomized line-items." *Jean*, 496 U.S. at 161-

3

62. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. at 435. "When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Hensley*, 461 U.S. at 437. "In these circumstances, the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id.* at 435. "There is no precise formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 435-36.

In this matter, both parties submitted briefs in support of their pleadings. [Docs. 25, 31.] The Court held oral argument on March 10, 2015. During oral argument, Plaintiff's counsel made arguments for remand and reversal that were not contained in Plaintiff's Brief in Support of Complaint. The Court then allowed Defendant additional time to address the new issues raised by Plaintiff at the oral argument. [Doc. 33.] Defendant filed a supplemental brief. [Doc. 34.] The Court then reversed and remanded this action to the Commissioner based on one of the new issues raised by Plaintiff's counsel at oral argument. [Doc. 35.]

Defendant filed an objection to Plaintiff's request for attorney's fees and requested that the Court not award Plaintiff 15.5 hours of fees for the hours claimed for review of administrative transcript, legal research for brief, and preparation of the brief. Plaintiff did not

4

file a reply brief in response to Defendant's objection. Plaintiff acknowledged at the oral argument that her brief did not contain the arguments presented at the oral argument.

The Court has carefully reviewed the record in this action, Plaintiff's request for fees, and the reasonableness of the fee request in relationship to the success achieved. Plaintiff's Brief in Support of Complaint asserted that the administrative law judge's determination that Plaintiff could return to her past relevant work was not supported by substantial evidence. At oral argument, Plaintiff stated that the ALJ failed to properly consider her activities of daily living and failed to mention the consultative examination of licensed psychologist Mark W. Schmitz in the hearing decision. Plaintiff's counsel's billing records indicate that 15.5 hours was spent in reviewing the administrative transcript and preparing the Brief in Support of Complaint. Plaintiff spent an additional 8.5 hours reviewing the file, preparing for oral argument, and participating in oral argument. Based on the Plaintiff's partial success and the number of hours spent, the Court will reduce the amount of approved hours by 7 hours. Further, the court will reduce the amount of hours requested by 0.75 for billing designated as filing. Attorney's fees cannot be awarded for clerical tasks such as scanning and electronically filing pleadings. *See Granville House, Inc. v. Dep't of Health, Educ. and Welfare*, 813 F.3d 881, 884 (8th Cir. 1987) (attorney cannot receive compensation under EAJA for tasks that are administrative and can be completed by support staff). Therefore, the Court will approve Plaintiff's application for 24.55 hours of work.

The EAJA sets a statutory limit on the amount of fees awarded to counsel at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "In determining a reasonable attorney's fee, the court will in each

case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved." *Richardson-Ward v. Astrue*, 2009 WL1616701, No. 4:07-CV-1171 JCH at *1 (E.D. Mo. June 9, 2009). In the motion requesting attorney's fees, Plaintiff seeks an increase in the attorney's fee based on an increase in the cost of living since the EAJA's enactment of the hourly rate of $125.00 per hour. "Although the district court may, upon proper proof, increase the [$125.00] per hour rate to reflect the increase in the cost of living, this increase is not automatic." *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989) (internal citations omitted). Plaintiff's counsel cited evidence from the U.S. Department of Labor, explaining the change in the cost of living from 1996 when the $125.00 hourly limitation became effective until 2014 and 2015. Based on the foregoing, the Court will grant Plaintiff compensation for 24.55 hours of work at the rate of $188.60 in 2014 and $188.50 in 2015.

Finally, Plaintiff has submitted an affidavit assigning any award she may receive under the EAJA to her counsel of record. The EAJA requires that the attorney's fee award be awarded to the prevailing party, in this case the Plaintiff, not the Plaintiff's attorney. *Astrue v. Ratcliff*, 560 U.S. 586, 591 (2010) (the term "prevailing party" in fee statutes is a "term of art" that refers to the prevailing litigant) (citing 42 U.S.C. § 2412(d)(1)(A)). Awards of attorney fees to the prevailing party under the EAJA are "subject to [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratcliff*, 560 U.S. at 589. Any award for attorney's fees must be subject to any government offset, even if the Plaintiff has assigned her right to the award to her attorney. Therefore, the Court will direct the Commissioner to make Plaintiff's

attorney's fee award payable to her attorney of record as directed below, subject to any pre-existing debt Plaintiff owes to the United States.

## IV.     Conclusion

Based on the foregoing, the Court will award Plaintiff attorney's fees in the amount of $4,628.86.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act is **GRANTED in part and DENIED in part**.  [Doc. 37.]

**IT IS FURTHER ORDERED** that the Social Security Administration shall remit to Karen Kraus Bill, assignee, attorney's fees in the amount of $4,628.86, subject to any pre-existing debt that the Plaintiff owes the United States.

Dated this 4th day of August, 2015.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE